# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
Case No. 14-60232-CIV-SEITZ

FAITH HOUGH,

     Plaintiff,

v.

AUTONATION, INC.,

     Defendant.

_____/

## ORDER APPOINTING ARBITRATOR

THIS MATTER is before the Court on Plaintiff's motion to appoint an arbitrator [DE-9]. In compliance with a subsequent Court order, the parties also filed the Arbitration Agreement [DE-12-1] and a joint list of qualified arbitrators [DE-14]. Defendant agrees that the Court should appoint an arbitrator, but disagrees as to how the costs should be allocated. [DE-13.]

The Arbitration Agreement provides that any disputes "shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Florida Statutes §§ 682.01 *et seq.*" However, it does not name an arbitrator or arbitral tribunal and it does not specify any method for the selection of an arbitrator. In cases such as these, the Federal Arbitration Act provides that "the court shall designate and appoint an arbitrator." 9 U.S.C. § 5 (2014); *accord* Fla. Stat. § 682.04 (2014).

Of the arbitrators provided in the parties' joint list, Scott Silverman and Kimberly A. Gilmour are both highly qualified and have the most relevant experience in the subject matter of this dispute: employment discrimination. However, cost is also a major consideration in the selection of an arbitrator, and the Court lacks information about any of the arbitrators' fees. Therefore the parties should contact these two

arbitrators to learn their fee structures and then confer as to which of the two will provide the most cost-effective resolution of the parties' dispute.

This leaves the issue of allocating costs. Defendant states that costs have been evenly split as a matter of "practice," but there is no indication that Plaintiff has ever agreed to this practice: the Arbitration Agreement, which is the "entire agreement" between the parties, is silent on the issue. Certain arbitration associations address this issue in their rules, *see, e.g., Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1123 (9th Cir. 2008) (noting that the American Arbitration Association requires employers to pay nearly all costs), but the Arbitration Agreement in this case does not specify a set of arbitral rules to be followed. Moreover, the Court has been unable to locate any clear default rule in either state or federal law.

"A court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1261 (11th Cir. 2003) (quoting *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085-86 (8th Cir. 2001)). Therefore the issue of costs should be resolved by the arbitrator to the extent possible. *See* Fla. Stat. § 682.11(4) (2014) ("An arbitrator's expenses and fees, together with other expenses, must be paid as provided in the award."). If the parties are unable to agree upon an arbitrator or upon a method for allocating at least the upfront costs, they should inform the Court accordingly so that the matter can be discussed further at a hearing.

Accordingly, it is

ORDERED that

1)  Plaintiff's motion to appoint arbitrator [DE-9] is GRANTED.

2)  This matter will proceed to arbitration before either Scott J. Silverman or Kimberly A. Gilmour. The parties shall confer as to which of the two will provide the most cost-effective resolution of the parties' dispute.

3) By **November 7, 2014**, the parties shall jointly file a notice of selection of arbitrator. If the parties are unable to agree upon a method for allocating the upfront costs, the notice shall so state, and the Court will set a hearing to discuss the matter further.

DONE AND ORDERED in Miami, Florida, this 23rd day of October 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE